# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LUIS DEGOLLADO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:08CV997 SNL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Pro se petitioner Luis Degollado filed a "petition for discretionary authority to determine eligibility for early release...to speed deportation" against the United States of America on July 7, 2008. Mr. Degollado, who is incarcerated in the Edgefield Federal Correctional Institution in Edgefield, South Carolina, maintains that he has a right to an expedited deportation. For the reasons set forth below, the petition will be denied.

## BACKGROUND

On May 27, 2004, after entering enter a guilty plea, petitioner, a citizen of Mexico, was sentenced to 120 months imprisonment followed by three years of supervised release for violating 18 U.S.C. § 924 (felon in possession of firearm).

Petitioner did not file a notice of appeal, nor did he subsequently file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In the instant petition, petitioner sets forth that he is an alien to whom the protections of the Due Process Clause extend. Thus, he maintains that he is entitled to an expedited deportation, or deportation prior to the expiration of his prison term.

## JURISDICTION

Federal Courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Although Mr. Degollado has not asserted a basis for this court's jurisdiction, any claim seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.[1]

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Petitioner is

---

[1] To the extent that petitioner erroneously believed he could bring the instant action as a motion to vacate, set aside or correct his conviction pursuant to 28 U.S.C. § 2255, such an attempt, even if procedurally correct, would be negated by his failure to have brought the instant motion within one year of the date upon which his judgment and conviction became final. See Rule 4 of the Rules Governing § 2255 Cases.

currently confined at the Federal Correctional Institution in Edgefield, South Carolina. Therefore, petitioner's custodian (the proper respondent) is located within the South Carolina District Court. Consequently, this Court lacks jurisdiction to grant the writ, and this case is subject to dismissal pursuant to Fed. R. Civ. P. 12(h)(3).

The Court, notes, however, that even if petitioner brought the present action in the District of South Carolina and named the proper respondent, he would still not be entitled to the relief he presently seeks. While the Fifth Amendment entitles aliens to due process in deportation proceedings, Reno v. Flores, 507 U.S. 292, 306 (1993), the Supreme Court in Wong Wing acknowledged that detention during such proceedings is a constitutionally valid aspect of the process. Wong Wing v. United States, 163 U.S. 228, 235 (1896). As a matter of law, it is provided by statute that:

> (1) In the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of the conviction.
>
> (2) Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1229(d). Mr. Degollado acknowledges that as a convicted felon who is not a citizen of the United States, he is subject to deportation. What petitioner fails to appreciate is the fact that he has no constitutional or statutory right to an expedited order of deportation. Section § 241(a)(4)(D) of the Immigration and Naturalization

-3-

Act, provides that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Thus, courts have uniformly held that no alien has an individual right to compel the Attorney General or the INS to deport him. See, e.g., Prieto v. Gluch, 913 F.2d 1159 (6th Cir.1990); Thye v. United States, 109 F.3d 127 (2d Cir.1997) (per curiam); Hernandez-Avalos v. Immigration & Naturalization Serv., 50 F.3d 842 (10th Cir.1995); Campos v. Immigration & Naturalization Serv., 62 F.3d 311 (9th Cir.1995); Giddings v. Chandler, 979 F.2d 1104 (5th Cir.1992); Aguirre v. Meese, 930 F.2d 1292 (7th Cir.1991); see also Urbina-Mauricio v. Immigration & Naturalization Serv., 989 F.2d 1085, 1088 (9th Cir.1993).[2]

## CONCLUSION

Based on the foregoing, this Court lacks the authority to issue an order expediting Mr. Degollado's deportation.

Accordingly,

---

[2] A prisoner is similarly not entitled to an expedited hearing, or expedited deportation, though a mandamus action. Campos, 62 F.3d at 314 ("provision prohibiting construction of amendment to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person, denied alien standing to seek mandamus relief to obtain expedited deportation hearing before targeted date of release from incarceration.").

**IT IS HEREBY ORDERED** that petitioner's "petition for discretionary authority to determine eligibility for early release...to speed deportation" is **DISMISSED** for lack of jurisdiction.

Dated this 16th day of July, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE